UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LYNELL WILLIS                                                                                    Plaintiff

v.                                                                        Civil Action No. 3:21-cv-263-RGJ

FIRST LADY LAURA BUSH                                                                        Defendant

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Lynell Willis filed the instant *pro se* action. He also filed an application to proceed without prepayment of fees (DN 4). Upon review of the application, the Court finds that Plaintiff makes the financial showing required by 28 U.S.C. § 1915(a). Accordingly, **IT IS ORDERED** that the application (DN 4) is **GRANTED**.

This matter is now before the Court upon initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will dismiss the action. It will also warn Plaintiff that filing further frivolous lawsuits will result in sanctions against him.

**I.**

Plaintiff names former First Lady Laura Bush as the only Defendant. Where the complaint form asks for the basis for federal-question jurisdiction, Plaintiff states, "Acknowledgement of sexual assault by Hardin Co. Judge David Simcoe, breaking rules of the democrate republican party; star 27 on the U.S. flag." In the statement-of-claim section of the form, Plaintiff states as follows:

> [O]n the matter of sexual assault by Hardin Co. Judge David Simcoe in the summer of 1991 naming Janet Coleman Hardin Co. Judge as witness trying to have the

    matter through her divisional seat of job as circuit court judge expressing that the matter of sexual assault needed to be settled: corrected through loss of hardship being a human or U.S. citizen a case involving a criminal justice authoritarian stating that "having made Ms. Coleman would expressingly cleared the assault w/o hardships to defendant and plaintiff with finding out that Laura Bush president wife of George Bush II was passenger in the vehicle w/ Kimberly W. Shumate with defendant Shumate lying or denying contracting Lade Bush would have been a positive result.

In the relief section, Plaintiff states as follows:

    I would like the courts to acknowledge that I am suing plaintiff for violation of star 27 of the U.S. flag. Would like them to acknowledge that house's of congress, supreme court judge, circuit court judges, federal judges: offices will close due to side by side democrate: republican bind which will hold her responsible for everything I filed. I would like the courts to know that denial of my suit and not responding to Mrs. Bush about the suit will seek Ms. Bush out itself closing the offices listed above, and many many of important things under star 13: 14 naming no other in this suit about this particular case due to nationality of civil suit and being questioned or being a target for other constitutional briefs or amendments.

## II.

Because Plaintiff is proceeding without the prepayment of fees, or *in forma pauperis*, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2). *See McGore*, 114 F.3d at 608-09. The Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

Upon review of the complaint, the Court finds that Plaintiff's allegations against former First Lady Laura Bush are frivolous and warrant no further discussion.

Additionally, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when

the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).  The allegations in Plaintiff's complaint meet the standard for dismissal under *Apple v. Glenn*, as well.  The instant action, therefore, must also be dismissed for lack of subject-matter jurisdiction.

The Court will enter a separate Order dismissing the action for the reasons stated herein.

**III.**

Proceeding without the prepayment of the filing fee is a privilege and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998).  It is well-established that the federal courts may revoke or deny the privilege of proceeding as a pauper when a litigant abuses the privilege by repeatedly filing frivolous, harassing, or duplicative lawsuits. *See In re McDonald*, 489 U.S. 180, 184-85 (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989) (per curiam).  When a litigant abuses the privilege of proceeding *in forma pauperis* by repeatedly filing frivolous lawsuits, federal courts have the inherent power to impose appropriate sanctions, including restrictions on future access to the judicial system, to deter future frivolous, harassing, or duplicative lawsuits and filings. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-45 (1991); *Futernick v. Sumpter Twp.*, 207 F.3d 305, 314 (6th Cir. 2000); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987).  While this Court cannot absolutely foreclose an individual from initiating an action or pursuing an appeal in federal court, *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996), the Court may impose prefiling restrictions on an individual with a history of frivolous or vexatious litigation. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); *Ortman*, 99 F.3d at 811.

Plaintiff has filed thirty-five civil actions in this Court since February 15, 2019, including nineteen cases filed since January 13, 2021. Of the twenty-one cases which have been reviewed by the Court thus far, each has been dismissed, and fourteen of his cases were dismissed as frivolous either under 28 U.S.C. 1915(e)(2)(B)(i) or *Apple v. Glenn* or both. The **Court WARNS Plaintiff** that, if he files further frivolous lawsuits, it will impose sanctions against him, including but not limited to prefiling restrictions.

Date: July 22, 2021

Rebecca Grady Jennings, District Judge
United States District Court

cc: Plaintiff, *pro se*
A961.010

4